UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL MAAS RISENHOOVER, )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>U.S. DEPARTMENT OF STATE )<br>*Secretary Blinken*, )<br>)<br>      Defendant. ) | Civil Action No.  23-1175 (UNA) |

## **MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief, Dkt. 1, and application to proceed *in forma pauperis*, Dkt. 2.  The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).    Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks).  In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules."  *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of Taiwan, has sued the State Department. He

> brings this complaint against the United States Mission to the United Nations ("US Mission"), for violations of the Neutrality Act, and No Surrender Acts 50 USC 407 and 3328, for failing to veto in the UN Security Council, by dissent, to the nomenclature "Taiwan, Province of CHINA", an ISO term, which is in derogation of US foreign policy and interests, contrary [to] the Logan Act duties of American representatives to the UN, and violative of the Senator Warren Austin Statement to the UNSC on Formosa as ratified by President Truman on the Status of Formosa awaiting final ultimate disposition consistent with self-determination and autonomy[.]

Compl. at 1. The complaint, interspersed with various website links, continues in this incomprehensible manner for 13 additional pages. It sorely fails to provide notice of a claim and thus is dismissed. *See Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (a complaint that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will one containing "an untidy assortment of claims that are neither plainly nor concisely stated") (cleaned up)), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). A separate order accompanies this Memorandum Opinion.

*/s/ Dabney L. Friedrich*
_____
DABNEY L. FRIEDRICH
United States District Judge

Date: May 24, 2023